UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TARA LYNN A., | Case No. 25-cv-10992 |
| Plaintiff, | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION AND ORDER ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT
(ECF NOS. 10, 14)**

## I.      Introduction

Plaintiff Tara Lynn A. appeals the final decision of defendant

Commissioner of Social Security (Commissioner), which denied her

application for disability insurance benefits (DIB) and supplemental security

income (SSI) under the Social Security Act.  Both parties have filed

summary judgment motions and consented to the undersigned conducting

all proceedings under 28 U.S.C. § 636(c).  ECF No. 5; ECF No. 10; ECF

No. 14.

After a hearing below, an administrative law judge (ALJ) found:

1. Plaintiff had the severe impairments of lumber degenerative disc disease; obesity; endometriosis post hysterectomy; pelvic floor dysfunction post pubovaginal sling surgery; depression; anxiety; attention deficit hyperactivity disorder; and posttraumatic stress disorder.  ECF No. 7-1, PageID.47.

2. Plaintiff had no impairments that met or medically equaled a listed impairment.  *Id*., PageID.50.

3. Plaintiff has the residual functional capacity (RFC) to perform light work "limited to lifting, carrying, pushing, and pulling 10 pounds frequently and up to 20 pounds occasionally; sitting for up to 6 hours total; and standing and/or walking for up to 6 hours total in an 8-hour workday.  Furthermore, the claimant can do no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps, stairs, ladders, ropes, or scaffolds.  The claimant can never work at unprotected heights.  The claimant also requires ready bathroom access, but her time off task is expected to be less than 10% of a workday.  Additionally, the claimant is limited to performing simple, routine, and repetitive tasks, but not at a production rate pace (e.g., assembly line work).  The claimant can have no more than occasional interaction with coworkers and the public, and no more than occasional changes in tasks or demands."  *Id*., PageID.53.

Relying on the testimony from a vocational expert (VE), the ALJ found that there were jobs in significant numbers that plaintiff could perform, including positions as a housekeeper, office helper, or mail room clerk.  *Id*., PageID.69-70.

2

## II.     Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion.");  *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir.

---

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that the ALJ failed to properly evaluate the opinions of Jill Brown, DNP.  ECF No. 10, PageID.3408-3415; ECF No. 15, PageID.3442-3447.  The Court disagrees and affirms the ALJ's decision.

**B.**

ALJs must explain the persuasiveness of all opinions from both treating and non-treating sources by considering several factors.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(a).  "But the regulations only require ALJs to discuss the first two—supportability and consistency."  *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021).  Under the supportability factor, the more relevant "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion," the more persuasive the medical opinion will be. §§ 404.1520c(c)(1), 416.920c(c)(1).  An opinion that is more consistent with the evidence from other medical sources and nonmedical sources is also more persuasive.  §§ 404.1520c(c)(2), 416.920c(c)(2).

In November 2022, Brown completed a mental residual functional capacity assessment form for plaintiff, which the ALJ accurately described as finding that plaintiff had work-preclusive limitations.

> Ms. Brown completed mental residual functional capacity assessment form, where she marked pre-generated responses to suggest that the claimant had extreme limitations, defined on the form as a complete preclusion, in her abilities to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; respond appropriately to changes in the work setting; travel in unfamiliar places or use public transportation; set realistic goals or make plans independently of others; and tolerate normal levels of stress.  Ms. Brown also indicated that the claimant had marked limitations in her abilities to remember locations and work-like procedures; understand and remember detailed instructions; carry out detailed instructions; work in coordination with or proximity to others without being distracted by them; make simple work-related decisions; interact with the general public; maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and be aware of normal hazards and take appropriate precautions.  Furthermore, Ms. Brown advised that the claimant had moderate limitations in every other area of functioning described on this form.  Ms. Brown added that the claimant's impairments would substantially interfere with her ability to work on a regular and sustained basis for at least 20% of the time, and that she was likely to miss 16 days of work per month as a result of her impairments or treatment (Ex. C8F/3; C24F/4; C28F; C29F; C37F/269).

ECF No. 7-1, PageID.66 (citing ECF No. 7-2, PageID.1863-1866).

Brown completed another medical source statement form for plaintiff in May 2023. ECF No. 7-2, PageID.2557-2560. In that statement, Brown found that plaintiff had "no useful ability to function" in 21 out of the 25 listed areas of functioning and that she was "unable to meet competitive standards" in three out of four of the remaining areas of mental functioning. *Id.* Brown also found that plaintiff's symptoms were likely severe enough to interfere with the attention and concentration needed to perform even simple work tasks for 25% or more of a typical workday, and that plaintiff was likely to be absent from work more than four days per month because of her impairments or treatment. *Id.*

For the reasons detailed in his decision, the ALJ found Brown's opinions unpersuasive "because they were inconsistent with the medical evidence and the record as a whole, including the claimant's history of mental health treatment, the claimant's history of improvement with appropriate medication adjustments, the mental status examination findings, and the claimant's reported activities of daily living." *Id*. The ALJ explained that the record showed fairly significant gaps in plaintiff's mental health treatment. For example, plaintiff did not pursue "any direct mental health treatment from her alleged onset date in June 2014 until March

6

2016, a period of more than 1 ½ years." *Id*., PageID.58.  And although plaintiff was prescribed Prozac and referred for counseling in March 2016, she did not pursue "any further direct mental health treatment until August 2019, a period of more than 3 years." *Id.*  The ALJ noted that plaintiff reported that Prozac had been helpful in treating her symptoms, but she was no longer taking it.  *Id.*

The ALJ agreed that plaintiff's mental health treatment showed that she struggled with depression, with her mood, and experienced anxiety, but noted that that she was also cooperative and calm, alert and oriented, with normal cognition and memory, had logical thought processes and fair insight and judgment.  *Id.*, PageID.59-60.  From August 2022 through November 2023, plaintiff consistently reported improvement in her psychological symptoms, and her providers reported normal mental status examination findings.  And despite her claim to SSA about medication side effects, she reported none to her providers.  *Id*., PageID.60-62.

The ALJ found that "the extreme degree of limitation" for plaintiff that Brown proposed was "unsupported by her own treatment notes, where she repeatedly noted the claimant's excellent response to Spravato treatment since August 2022, and consistently observed largely normal or unremarkable mental status examination findings."  *Id*.   Brown's opinions

were also inconsistent with plaintiff's reported activities of daily living, noting that plaintiff reported engaging in several activities that require understanding, remembering, or applying information, "a fair degree of concentration, persistence, and pace," and the ability to interact with others.  *Id*., PageID.52.  Plaintiff cared for her disabled adult son, drove a car, grocery shopped, mowed her lawn, helped to care for a family pet, managed her own money, used public transportation and a computer, engaged in social activities, attended church, prepared meals, cleaned house, and did laundry.  *Id*.  Thus, plaintiff was able to "adapt and manage herself in work-like situations without experiencing any disruptive behaviors or emotions."  *Id., *PageID.53.

Plaintiff claims of reversible error amount to an improper request for the Court to reweigh the evidence.  She claims that the ALJ "mischaracterized" Brown's treatment notes, but she identifies no inaccuracy in the ALJ's decision.  Rather, she directs the Court to portions of treatment notes that she believes support Brown's opinions.  ECF No. 10, PageID.3411-3412.  Plaintiff also claims that the ALJ's assertion that she had "improvement with appropriate medication adjustments" relied on a "selective reading of the record" to support his conclusion.  *Id*., PageID.3413-3414.  Allegations that an ALJ "cherry-picked" the record

8

seldom succeed because crediting them would require a court to re-weigh the evidence.  *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014).

The ALJ found that Brown's opinion that plaintiff had extreme limitations conflicted with the normal or unremarkable mental status examination findings and speculated that Brown "relied quite heavily on the claimant's subjective report of symptoms and limitations" and "uncritically accepted as true most, if not all, of what the claimant reported in formulating these opinions."  ECF No. 7-1, PageID.67.  Thus, the ALJ found "good reasons for questioning the consistency of the claimant's subjective complaints."  *Id.*  Plaintiff challenges this reasoning, noting that "'the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.'"  *Marci M. v. Comm'r of Soc. Sec.,* No. 22-cv-12204, 2024 WL 1478185, at *12 (E.D. Mich. Jan. 29, 2024) (quoting *Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017)).

But the ALJ did not find Brown's opinion unpersuasive only because she might have relied on plaintiff's self-reports.  Rather, the ALJ primarily relied on his finding that Brown's opinion conflicted with her own examination findings and plaintiff's daily activities.   The ALJ's reliance on

those conflicts in the record was permissible.  *See Bowman v. Comm'r of Soc. Sec.*, 683 F. App'x 367, 375-76 (6th Cir. 2017) (affirmed ALJ's decision to give treating therapist's opinion little weight because it was inconsistent with the record as a whole, the treater's own treatment notes, and the plaintiff's daily activities); *Francis v. Saul*, 558 F. Supp. 3d 527, 538 (E.D. Mich. 2021) (finding no error in ALJ's finding treating psychiatrist's opinion unpersuasive because it was "contradicted by his own treating records showing mostly mild to moderate symptomology.").  The ALJ also relied on plaintiff's self-reports that her symptoms had improved with the Spravato treatment, which is another valid consideration.  *Amburgey v. Comm'r of Soc. Sec.*, 751 F. App'x 851, 866 (6th Cir. 2018) (ALJ's decision supported by substantial evidence when, among other reasons, "Plaintiff's anxiety and depression improved significantly with treatment and medication.").

The Court thus finds that substantial evidence supports the ALJ's finding that Brown's opinion was not persuasive.  Plaintiff cites evidence that might support a finding of disability.  But the ALJ's decision "must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion."  *See Cutlip*, 25 F.3d at 286.

10

### III.    Conclusion

Thus, plaintiff's motion for summary judgment (ECF No. 10) is **DENIED**, the Commissioner's motion for summary judgment (ECF No. 14) is **GRANTED**, and the ALJ's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 14, 2026

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2026.

s/Julie Owens
JULIE OWENS
Case Manager
